UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40981
_____


DONNA GAIL LEE,

Plaintiff-Appellant,

v.

NACOGDOCHES PALLET AND SPECIALTY, INC., ET AL,

Defendants,

NACOGDOCHES PALLET AND SPECIALTY, INC.,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-45)**
_____

**August 6, 1999**

Before JONES and WIENER, Circuit Judges, and WALTER,[*] District
Judge.


PER CURIAM:[*]

In this employment discrimination action, Plaintiff-Appellant
Donna Gail Lee seeks reversal of the district court's take-nothing
judgment, based on the jury verdict, denying recovery for
discrimination and retaliation under the Americans with

_____

[*]District Judge of the Western District of Louisiana, sitting
by designation.

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Disabilities Act ("ADA") and various state law claims against Defendant-Appellee Nacogdoches Pallet and Specialty, Inc. She also seeks reversal of the district court's adverse judgment following the bench trial of her ERISA claim against Nacogdoches Pallet, in which Lee asserted that Nacogdoches Pallet was her "employer" for ERISA purposes. Specifically, Lee has advanced claims on appeal that the district court committed reversible error in refusing to accept her proffered jury charge regarding inference of intentional discrimination if the jury should find only pretext in the explanation given for firing her; likewise, that the district court erred reversibly in not granting a new trial, and in determining that Nacogdoches Pallet was not Lee's ERISA employer.

We have reviewed the entire record on appeal, including the transcripts of both the jury trial and the bench trial, and have considered the law as set forth in the appellate briefs of counsel and on the basis of our independent research as well. As a result, we are satisfied that, given the jury's role in determining the credibility of witnesses and the finding of facts, there is sufficient evidence to support the jury's take-nothing verdict against Lee and in favor of Nacogdoches Pallet on her ADA and state law claims. And, despite some misgivings about the extent of the role of Nacogdoches Pallet as the common law employer of Lee and every other salaried and wage-earning worker of Nacogdoches Pallet, all of whom were, "on paper," employees of a professional employer

organization, Defendant Global Staffing, Inc., we are nonetheless convinced that the record contains sufficient evidence of substance in the employee leasing arrangement to support the determination of the district court, as not clearly erroneous, that Nacogdoches Pallet was not the "employer" of Lee under ERISA.

As we discern no reversible error in the rulings of the district court in either the jury trial or the bench trial, and find sufficient evidence supporting the jury verdict and the judgment based thereon as well as the court's judgment following the bench trial, those judgments are, in all respects, AFFIRMED.